UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK BALDWIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:16-CV-00565-NCC |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Mark Baldwin ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et. seq.* Plaintiff has filed a brief in support of the Complaint (Doc. 20) and Defendant has filed a brief in Support of the Answer (Doc. 25). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (Doc. 9).

## I. PROCEDURAL HISTORY

Plaintiff filed his application for DIB on May 9, 2013, alleging an onset date of March 9, 2012. (Tr. 227-33). Plaintiff was initially denied on August 19, 2013, and he filed a Request for Hearing before an Administrative Law Judge ("ALJ") on August 30, 2013. (Tr. 169-75). The ALJ conducted a hearing on April 8, 2014. (Tr. 123-53). After the hearing, by decision dated

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

November 20, 2014, the ALJ found Plaintiff not disabled. (Tr. 20-37). On February 22, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. DECISION OF THE ALJ

The ALJ determined that Plaintiff meets the insured requirements of the Social Security Act through December 31, 2017. (Tr. 25). The ALJ also found that, although Plaintiff alleged an onset date of March 2012, Plaintiff engaged in substantial gainful activity until October 2012. (*Id.*). However, the ALJ found Plaintiff has not engaged in substantial gainful activity for a period of twelve months thereafter. (*Id.*). The ALJ determined that Plaintiff has the severe impairments of bi-polar I disorder and personality disorder, but that no impairment or combination of impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26).

After considering the entire record, the ALJ determined that Plaintiff has the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations. (Tr. 27). Plaintiff is limited to unskilled work involving no more than occasional contact with supervisors, coworkers, or the public; no more than occasional changes in the work environment; and no more than occasional use of his own independent judgment. (*Id.*). Because of Plaintiff's limitations, the ALJ determined Plaintiff is unable to perform any of his past relevant work. (Tr. 33). However, the ALJ found Plaintiff is able to perform jobs that exist in significant numbers in the national economy including sorter, laundry worker, and hand packager. (*Id.*). Therefore, the ALJ determined Plaintiff had not been under a disability, as defined in the Social Security Act, from March 28, 2012 through November 20,

2014. (Tr. 34). Plaintiff appeals, arguing substantial evidence does not support the Commissioner's decision.

### III. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to

establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel,* 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). *See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to

support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

## IV. DISCUSSION

In his appeal of the Commissioner's decision, Plaintiff argues that the ALJ failed to adequately address the opinion evidence of record. (Doc. 20 at 9). Specifically, Plaintiff argues the ALJ failed to properly consider the opinions of psychologist Dr. Alan Politte and of Rita Baldwin, Plaintiff's mother. (*Id.*).

5

**A. Dr. Politte's Opinion**

Plaintiff argues the ALJ erred by failing to specify what weight he gave to Dr. Politte's medical opinion. (Doc. 20 at 9). Indeed, unless a treating source's opinion is given controlling weight, the ALJ "must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant."[2] 20 C.F.R. § 404.1527(e)(2)(ii). Because the ALJ did not assign a treating source's opinion controlling weight, Section 404.1527(e)(2)(ii) requires the ALJ to explain the weight he assigned to Dr. Politte's opinion. *Id.* However, an ALJ's failure to explain the specific the weight given to a medical opinion does not necessarily require remand. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). Plaintiff must prove the error was prejudicial by providing "some indication that the ALJ would have decided differently if the error had not occurred." *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012); *Van Vickle v. Astrue*, 539 F.3d 825, 830 (8th Cir. 2008). Generally, failure to specify weight is harmless if it is clear the ALJ considered the opinion in determining the claimant's RFC. *See Potter v. Colvin*, No. 4:12-cv-01002-SPM, 2013 WL 4436247, at *11 (E.D. Mo. August 16, 2013). Failure to assign weight to an opinion is also harmless when the unweighted opinion is consistent with the RFC. *Lockwood v. Colvin*, 627 Fed. App'x 575, 577 (8th Cir. 2015); *Woodall v. Berryhill*, Case No. 4:16CV350 PLC, 2017 WL 2189462, at *7 (E.D. Mo. May 18, 2017) (citing *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) ("[A]n arguable deficiency in opinion writing that had no

---

[2] Current regulations effective March 27, 2017, 20 C.F.R. §§ 404.1527 & 416.927, set forth new rules for evaluating opinion evidence for claims filed before that date. The Court notes that the current iterations of §§ 404.1527 & 416.927, while purporting to apply to claims filed before March 27, 2017, are not identical in language to the version in effect at the time of the ALJ's decision and the time of Plaintiff's appeal to this Court. For the sake of consistency, the Court continues to cite the language from the former regulations that were in effect at the time of the ALJ's decision and Plaintiff's appeal. Furthermore, while the current language of the regulations has been modified and renumbered, the relevant changes do not appear to be substantive and would not alter this Court's decision.

practical effect on the decision…is not a sufficient reason to set aside the ALJ's decision." (quotation omitted.))); *Bednarcyzk v. Berryhill*, No. C15-4235-LTS, 2017 WL 1095060, at *5 (W.D. Iowa March 23, 2017). Remand is not required when limitations in the RFC imply what weight the ALJ assigned to medical opinions. *Ellis*, 392 F.3d at 994; *Scott v. Berryhill*, Case no. 4:16cv80 PLC, 2017 WL 2645838, at *7 (E.D. Mo. June 20, 2017). The ALJ's detailed discussion of the medical evidence can also make clear what weight he assigned to a medical opinion, despite the ALJ not "explicitly stating the weight given to each medical opinion." *Kreysman v. Astrue*, No. 09–00507–CV–W–NKL, 2010 WL 670248, at *5 (W.D. Mo. Feb. 22, 2010).

Dr. Politte performed a psychological examination of Plaintiff in August of 2013 at the request of the state agency. (Tr. 357-69). Much of Dr. Politte's report consists of Plaintiff's background information and Plaintiff's subjective complaints about his conditions. (Tr. 361-66). Dr. Politte also noted Plaintiff's responses to various questions, but provided little expert analysis as to Plaintiff's limitations. (*See id.*). Specifically, Dr. Politte reported the following. Plaintiff called Dr. Politte's office beforehand to find out what was involved in the examination and appeared anxious throughout the examination. (Tr. 365). Plaintiff stayed focused and gave coherent, relevant, and logical answers, despite "exhibit[ing] an attitude." (Tr. 364). Plaintiff denied having any delusions, but admitted to having auditory hallucinations of the devil telling him to commit suicide. (*Id.*). Plaintiff was fidgety and twisted on the couch. (*Id.*). He showed no signs of perseveration, preoccupation, or perceptual distortion. (*Id.*). Plaintiff reported having suicidal thoughts, but has never made a suicide attempt. (*Id.*) Plaintiff's short term and long term memory "seem[ed] to be good." (*Id.*). Plaintiff was able to do basic arithmetic except he could not subtract from one hundred by sevens. (*Id.*). After the examination, Plaintiff called

7

Dr. Politte's office three more times because Plaintiff was upset that a copy of the report would not be sent to his treating psychologist. (*Id.*). Plaintiff also expressed that Dr. Politte's examination was "a total waste of time" because the questions were too easy and did not prove that he was disabled. (*Id.*).

As Plaintiff points out, Dr. Politte's report contains several possible indications of Plaintiff's mental health impairments. (Doc. 20 at 9). For example, Dr. Politte reported Plaintiff was anxious and fidgety during the interview, and was angry at the end of the interview because he felt Dr. Politte did not discuss his bi-polar disorder enough. (Tr. 364). Plaintiff admitted having had suicidal thoughts and having had auditory hallucinations of the devil telling him to commit suicide. (*Id.*). Plaintiff was also unable to do basic subtraction, explain the proverb of "the grass is greener," or identify a relationship between a statue and a poem. (*Id.*). Dr. Politte indicated that if Plaintiff were approved for benefits, Plaintiff would be unable to manage his own finances. (Tr. 363). However, nothing in this portion of Dr. Politte's report is inconsistent with the ALJ's RFC determination, which limited Plaintiff to unskilled work requiring only occasional use of independent judgment and only occasional interaction with others. (Tr. 27). Moreover, Dr. Politte diagnosed Plaintiff with bi-polar disorder and anti-social personality disorder. The ALJ found both of these to be severe impairments. (Tr. 366). Further, Dr. Politte acknowledged that Plaintiff had some "psychological stressors" because he was unemployed and lived with his parents, but this does not suggest any limitations greater than those expressed in the RFC. (*Id.*). Thus, while the ALJ did not assign Dr. Politte's opinion a weight, there is no indication the ALJ would have decided differently if the error had not occurred. *Byes*, 687 F.3d at 917; *Van Vickle*, 539 F.3d at 830.

Lastly, Dr. Politte assigned Plaintiff a Global Assessment of Functioning [3] ("GAF") score of 50, indicating "serious" symptoms. (Tr. 367). The GAF score arguably suggests Plaintiff is more limited than the ALJ's RFC determination indicates. (Tr. 27). However, the Court finds the ALJ complied with 20 C.F.R. §404.1527(e)(2)(ii) when explaining the weight he assigned to Dr. Politte's estimated GAF score. The ALJ specifically stated he gave "little independent weight" to GAF scores because they are based on unclear criteria and because they do not necessarily measure functional impairments. (Tr. 31-32). The ALJ may discount the GAF scales in social security cases "because the scales do not have a direct correlation to the severity requirements in mental disorder listing." *Jones v. Astrue*, 619 F.3d 963, 979 n.4 (8th Cir. 2010). In any case, Plaintiff does not challenge the ALJ's reasons for discounting GAF scores, and the Court will not disturb the ALJ's finding. Therefore, the ALJ properly weighed and articulated his assessment of the diagnoses in Dr. Politte's opinion.

To the extent that Dr. Politte's report is consistent with the ALJ's RFC determination, any failure to explicitly state the weight given to the opinion is harmless error. *Lockwood*, 627 Fed. App'x at 577; *Woodall*, 2017 WL 2189462, at *7. To the extent that Dr. Politte's report indicates Plaintiff is more limited than the RFC indicates, specifically in regard to the GAF score, the ALJ properly articulated how he evaluated that opinion in compliance with §404.1527(e)(2)(ii).

---

[3] Global assessment of functioning (GAF) is the clinician's judgment of the individual's overall level of functioning, not including impairments due to physical or environmental limitations. *See Diagnostic and Statistical Manual of Mental Disorders, DSM-IV*, 32-34 (4th ed. rev. 2000). Expressed in terms of degree of severity of symptoms or functional impairment, GAF scores of 31 to 40 represent "some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood," scores of 41 to 50 represents "serious," scores of 51 to 60 represent "moderate," scores of 61 to 70 represent "mild," and scores of 90 or higher represent absent or minimal symptoms of impairment. (*Id.* at 32.).

### B. Rita Baldwin's Opinion

Next, Plaintiff argues the ALJ erred by (1) failing to specify *which* of Ms. Baldwin's two sources of testimony he assigned little weight and (2) failing to adequately explain *why* he discredited Ms. Baldwin's testimony. (Doc. 20 at 11).

The ALJ must base the RFC determination on all relevant evidence, including non-medical testimony. *Willcockson v. Astrue*, 540 F.3d 878, 880-81 (8th Cir. 2008); *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney*, 228 F.3d at 863). The ALJ must "carefully consider any [non-medical] information that [the claimant] may submit about [his or her] symptoms," including statements "other persons provide about [the claimant's] pain or other symptoms." 20 C.F.R. §404.1529(c)(3). A claimant's parent is an acceptable, non-medical source for opinion evidence. 20 C.F.R. § 404.1513(d); *Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007). Opinion evidence from a claimant's parent "may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* at 888 (quoting SSR 06-03p (rescinded)).

However, remand is not required if the ALJ's reasons for discrediting a non-medical opinion are evident from the ALJ's decision. *Lorenzen v. Chater*, 71 F.3d 316, 317 (8th Cir. 1995); Robinson *v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992). Even if the ALJ fails to list specific reasons for discounting a non-medical opinion, remand is not required when it is evident the ALJ discredited the opinion for the same reasons the ALJ discredited the claimant's testimony. *Willcockson*, 540 F.3d at 880; *Lorenzen*, 71 F.3d at 317. In determining the weight assigned to non-medical opinion evidence, the ALJ has more discretion to discount the opinion and may consider any inconsistencies between the non-medical opinion and other evidence in the record. *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005). Questions of credibility are

primarily for the ALJ to decide, and a court will normally defer to the ALJ's determination so long as the ALJ gives good reasons. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). *See also Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

Rita Baldwin, Plaintiff's mother, gave her opinion in the form of oral testimony at the administrative hearing (Tr. 142-45) and a written Third Party Function Report (Tr. 255-65). The ALJ explicitly assigned Ms. Baldwin's testimony "little weight." (Tr. 32). Because Ms. Baldwin's testimony comes from two different sources (i.e., hearing testimony and a Third Party Function Report), Plaintiff argues the ALJ erred by failing to specify *which* testimony he discounted. (Doc. 20 at 11). Plaintiff does not cite any authority to support the proposition that the ALJ must differentiate between the sources of the opinion testimony. The Court rejects this argument because the structure of the ALJ's decision makes it clear that the ALJ discounted all of Ms. Baldwin's relevant opinion testimony.

Furthermore, Ms. Baldwin's statements at the hearing and on the Third Party Function Report are substantially similar with regard to Plaintiff's limitations. (Tr. 142-45, 255-65). In both her hearing testimony and the Third Party Function Report, Ms. Baldwin reports that Plaintiff is easily frustrated and sensitive to criticism. (Tr. 143, 145, 262). Both also mention that Plaintiff has sleeping problems, bouts of paranoia, and difficulty making responsible financial decisions. (Tr. 144, 262). Because the two sources of testimony are substantially similar, it is logical for the ALJ to weigh them identically and to discount them for the same reasons. Therefore, the ALJ need not weigh the hearing testimony separately from the Third Party Function Report.

The ALJ's reasons for assigning Ms. Baldwin's opinion little weight are also evident from the ALJ's written decision. The ALJ addressed the credibility of both Plaintiff and Ms. Baldwin in the same paragraph of his decision. (Tr. 32). The ALJ first states that he finds Plaintiff "not fully credible," and then immediately states that "[l]ittle weight has also been given to the testimony of the claimant's mother." (*Id.*). The ALJ proceeds to cite evidence that is inconsistent with claimant's allegations of severe restrictions, including Plaintiff's testimony that he is capable of a wide range of daily activities, evidence that Plaintiff stopped working for a non-medical reason, and evidence that Plaintiff was not compliant with his treatment regimen. (*Id.*).

Thus, the ALJ clearly found both Plaintiff and Ms. Baldwin not credible because of the inconsistencies the ALJ specifically listed. Plaintiff does not challenge the substance of the ALJ's credibility evaluation with regard to Ms. Baldwin, and the Court will defer to the ALJ's assessment. To the extent Plaintiff argues the ALJ did not provide *any* reasons for discrediting Ms. Baldwin, the Court finds the ALJ adequately listed specific reasons for assigning her opinion little weight. To the extent Plaintiff argues the ALJ's reasons for discounting Ms. Baldwin are insufficient, the Court finds Plaintiff has failed to prove a legitimate reason to reject the ALJ's credibility assessment. Remand is therefore not required because the ALJ properly considered, weighed, and articulated his assessment of Ms. Baldwin's testimony.

## V. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

12

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 26th day of September, 2017.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE